IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FERNANDO TORRES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **Civil Action File** |
| v. | ) **No. _____** |
| | ) |
| **THE FISH STORE, INC., BRIAN** | ) |
| **WHITE, AND SIGNS FOR SUCCESS,** | ) |
| **INC. D/B/A GEORGIA CASE CO.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Fernando Torres ("Mr. Torres"), by and through undersigned counsel, and files this Complaint for Damages against The Fish Store, Inc., Brian White, and Signs for Success, Inc. d/b/a Georgia Case Company (collectively, the "Defendants"), showing the Court as follows:

### INTRODUCTION

1.

The instant action arises from Defendants' violation of Mr. Torres's right to overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended (the "FLSA").

1

2.

During the employment of Mr. Torres, Defendants violated the FLSA by failing to pay Mr. Torres at the legally required overtime rate for hours worked in excess of forty (40) hours per week.  As a result, Mr. Torres is seeking unpaid overtime compensation, an equal additional amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Defendants are subject to this Court's personal jurisdiction.

## PARTIES

5.

Mr. Torres resides in Fulton County, Georgia and is a citizen of the United States.

6.

At all times material hereto, Mr. Torres was a non-exempt "employee" of Defendants for purposes of the FLSA.

7.

At all times material hereto, Mr. Torres handled, sold, and worked with goods or materials that have been moved in or produced for interstate commerce and he thus engaged in interstate commerce during his employment with Defendants.

8.

Defendant The Fish Store, Inc. ("The Fish Store") is a Georgia corporation with a principal office address of 2050 Chamblee Tucker Road, Chamblee, Georgia 30341. The Fish Store regularly transacts business in the State of Georgia and may be served through its registered agent, Brian White, at 5366 Silver Ridge Drive, Stone Mountain, Georgia 30087.

9.

At all times material hereto, The Fish Store was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

10.

At all times material hereto, The Fish Store was a non-exempt "employer" of Mr. Torres for purposes of the FLSA, and The Fish Store is jointly and severally liable for the failure to pay Mr. Torres overtime compensation.

11.

Defendant Signs for Success, Inc. d/b/a Georgia Case Company ("Georgia Case") is a Georgia corporation with a principal office address of 2052 Mountain Industrial Blvd., Tucker, Georgia 30084. Georgia Case regularly transacts business in the State of Georgia and may be served through its registered agent, Steven K. Weiner, at 235 Peachtree St., Ste. 400, Atlanta, GA 30303.

12.

At all times material hereto, Georgia Case was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

13.

Georgia Case and The Fish Store share common ownership and management. Georgia Case management had the power to determine the pay rates and methods of payment of The Fish Store's workers, including Mr. Torres.

Georgia Case management had the right, directly or indirectly, to hire, fire, and modify the employment conditions of The Fish Store's workers, including Mr. Torres.  Georgia Case management prepared payroll for The Fish Store's workers, including Mr. Torres. Georgia Case acted, directly or indirectly, in the interest of The Fish Store in relation to Mr. Torres.  The Fish Store and Georgia Case are under common control.  As a result, Georgia Case was a non-exempt "employer" of Mr. Torres for purposes of the FLSA, and Georgia Case is jointly and severally liable for the failure to pay Mr. Torres overtime compensation.

14.

Defendant Brian White ("Mr. White") is a Georgia resident and may be served at 5366 Silver Ridge Drive, Stone Mountain, Georgia 30087.

15.

Mr. White is the owner and Chief Executive Officer of both The Fish Store and Georgia Case.  At all times material hereto, Mr. White exercised control over significant aspects of The Fish Store's and Georgia Case's operations, including compensation of their employees, and Mr. White personally played a substantial role in causing the FLSA violation set forth in this Complaint.  A corporate officer with operational control over a covered enterprise is an employer along with the corporation and is jointly and severally liable under the FLSA for unpaid wages.

See <u>Lamonica v. Safe Hurricane Shutters, Inc.</u>, 711 F.3d 1299 (11th Cir. 1986). As a result, Mr. White was a non-exempt "employer" of Mr. Torres for purposes of the FLSA, and Mr. White is jointly and severally liable for the failure to pay Mr. Torres overtime compensation.

## FACTUAL ALLEGATIONS

16.

From January 2014 to October 2014, Defendants employed Mr. Torres as the store manager of The Fish Store.

17.

Defendants compensated Mr. Torres on an hourly basis during his employment with Defendants, and Mr. Torres did not receive a salary.

18.

Although Mr. Torres was an employee of Defendants, and not an independent contractor, Defendants did not withhold employment taxes from Mr. Torres's compensation.

19.

Mr. Torres frequently worked in excess of forty hours per week during his employment with Defendants.

20.

Although Defendants were aware of the fact that Mr. Torres regularly worked in excess of forty hours per week, Defendants failed to compensate Mr. Torres at the appropriate overtime rate required by law.

21.

Defendants failed to make, keep, and preserve accurate records sufficient to determine the number of hours actually worked by Mr. Torres.

22.

On or about October 10, 2014, Defendants terminated Mr. Torres's employment.

23.

Before initiating the instant suit, Mr. Torres attempted to resolve his FLSA overtime claim outside of litigation; however, Defendants refused to pay Mr. Torres the unpaid compensation owed to him.

**COUNT ONE:  VIOLATION OF FLSA (OVERTIME)**

24.

Mr. Torres realleges and incorporates Paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25.

At all times relevant hereto, Mr. Torres was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay Mr. Torres at least one and one-half times his hourly rate for all hours worked in excess of forty (40) hours per week.

26.

Defendants are not exempt from the overtime compensation requirements of the FLSA with respect to Mr. Torres.

27.

Defendants have not made a good faith effort to comply with the FLSA with respect to Mr. Torres.

28.

By failing to pay overtime compensation to Mr. Torres in accordance with § 207 of the FLSA, by failing to make, keep, and preserve accurate records concerning Mr. Torres's employment, and by failing to compensate Mr. Torres as an employee, despite knowledge of Mr. Torres's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA.

29.

As a result of Defendants' willful FLSA violations, Mr. Torres is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to § 216 of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Torres prays:

(a) That Defendants be served with process and required to answer this suit;

(b) For judgment in favor of Mr. Torres and against Defendants for all damages and relief allowed by law, including but not limited to actual and liquidated damages;

(c) For an award of litigation expenses and costs, including attorneys' fees; and

(d) For such other and further relief as this Court deems just and proper.

[DATE AND SIGNATURE FOLLOW]

Respectfully submitted this 24<u>th</u>  day of March, 2015.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
MICHELLE L. WEIN
Georgia Bar No. 385424
*Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com