## AGREEMENT AND GENERAL RELEASE ("Agreement")

The Fish Store, Inc. ("The Fish Store") and Fernando Torres, Employee's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1.    **Last Day of Employment.** Employee's last day of employment with The Fish Store was October 3, 2014 ("Separation Date").

2.    **Consideration.** In consideration for signing this Agreement, and complying with its terms, The Fish Store agrees:

a.    to pay to Employee Ten-Thousand Dollars ($10,000) as wage income, less lawful deductions, within five (5) business days after the later of: (1) The Fish Store's receipt of a signed copy of this Agreement and a signed copy of Exhibit A hereto; and (2) the Northern District of Georgia's approval of the Settlement Agreement.

b.    to pay to Employee Eleven-Thousand Dollars ($11,000) as non-wage income, to be reported as 1099 income, within five (5) business days after the later of: (1) The Fish Store's receipt of a signed copy of this Agreement and a signed copy of Exhibit A hereto; and (2) the Northern District of Georgia's approval of the Settlement Agreement.

c.    to pay to the Cohan Law Group, LLC Fourteen-Thousand, Four-Hundred Dollars ($14,400) as non-wage income, to be reported as 1099 income, within five (5) business days after the later of: (1) The Fish Store's receipt of a signed copy of this Agreement and a signed copy of Exhibit A hereto; and (2) the Northern District of Georgia's approval of the Settlement Agreement.

d.    that in furnishing references regarding Employee as may be requested by future prospective employers, the only information that will be provided will be dates of employment and positions held, and that The Fish Store will not provide any information regarding eligibility for rehire.

3.    **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

4.    **General Release, Claims Not Released and Related Provisions**

a.    **General Release of All Claims.** Employee knowingly and voluntarily releases and forever discharges Brian White, Signs for Success, Inc. d/b/a Georgia Case Co., The Fish Store, their parent corporations, affiliates, subsidiaries, divisions, co-employers, customers and clients, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually

and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Age Discrimination in Employment Act of 1967 ("ADEA");

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Equal Pay Act;

- The Genetic Information Nondiscrimination Act of 2008;

- The Fair Labor Standards Act;

- The Georgia AIDS Confidentiality Act, O.C.G.A. § 24-9-47;

- The Georgia Equal Pay Act, O.C.G.A. § 34-5-1, et seq.;

- The Georgia Age Discrimination in Employment Act, O.C.G.A. § 34-1-2;

- The Georgia Equal Employment for Persons with Disabilities Code, O.C.G.A. § 34-6A-1, et seq.;

- The Georgia Wage Payment and Work Hour Laws;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; or

2

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

Releasees knowingly and voluntarily release and forever discharge Employee and agents thereof, of and from any and all claims, known and unknown, asserted or unasserted, which the Releasees have or may have against Employee and agents thereof, as of the date of execution of this Agreement and General Release.

b.     **Claims Not Released.**  Employee is not waiving any rights he may have to: (a) his own vested employee benefits under The Fish Store's health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

c.     **Governmental Agencies.**  Nothing in this Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

d.     **Collective/Class Action Waiver.**  If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which The Fish Store or any other Releasee identified in this Agreement is a party.

5.     **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against The Fish Store, except the Civil Action filed concurrently with the motion to approve this settlement agreement in the United States District Court, Northern District of Georgia.

Employee also affirms that Employee has reported all hours worked as of the date Employee signs this Agreement and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Employee signs this Agreement.  Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of The Fish Store and will continue to maintain the confidentiality of such information consistent with The Fish Store's policies and Employee's agreement(s) with The Fish Store and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by The Fish Store or its officers, including any allegations of corporate fraud.

Employee shall not apply in the future for employment with The Fish Store because of, among other things, irreconcilable differences with The Fish Store.

6.   **Non-Disclosure and Return of Property**.   Employee agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement, except to his attorneys, tax advisors and/or to any federal, state, or local government agency.

Employee affirms that Employee has returned all of The Fish Store's property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at The Fish Store's premises and that The Fish Store is not in possession of any of Employee's property.

7.   **Governing Law and Interpretation**.   This Agreement shall be governed and conformed in accordance with the laws of the state of Georgia without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.   Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8.   **Nonadmission of Wrongdoing**.   The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9.   **Amendment**.   This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

4

10.    **Entire Agreement**.  This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to The Fish Storeept this Agreement, except for those set forth in this Agreement.

EMPLOYEE IS ADVISED THAT EMPLOYEE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT.  EMPLOYEE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS AGREEMENT.

EMPLOYEE MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY EMPLOYEE SIGNS THIS AGREEMENT.  ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO ERIC R. MAGNUS AND STATE, "I HEREBY REVOKE MY THE FISH STOREEPTANCE OF OUR AGREEMENT."  THE REVOCATION MUST BE PERSONALLY DELIVERED TO ERIC R. MAGNUS OR HIS DESIGNEE, OR MAILED TO ERIC R. MAGNUS AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER EMPLOYEE SIGNS THIS AGREEMENT.

EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: _____
Fernando Torres

Date: 3/23/15

The Fish Store, Inc.

By: _____
Brian White

Date: 3-24-15

5

EXHIBIT A

March 26, 2015

Eric R. Magnus, Esq.
Jackson Lewis, P.C.
1155 Peachtree St., NE
Suite 1000
Atlanta, Georgia 30309

Re:   Agreement and General Release

Dear Mr. Magnus:

On March 26, 2015 [date] I signed an Agreement and General Release between The Fish Store, Inc. and me. I was advised in writing by The Fish Store, Inc. to consult with an attorney of my choosing, prior to executing this Agreement and General Release.

More than seven (7) calendar days have elapsed since I executed the above-mentioned Agreement and General Release. I have not revoked my acceptance or execution of that Agreement and General Release and hereby reaffirm my acceptance of that Agreement and General Release up through the date of this letter.

Very truly yours,

Fernando Torres

4833-4973-2898, v. 1

6